IN THE
COURT OF CRIMINAL APPEALS

                                    OF
TEXAS

 

                                                                              

                                                              NO.
PDB1013B06



 

 

                                             GUSTAVO RODRIGUEZ, Appellant

 

                                                                             v.

 

                                                        THE
STATE OF TEXAS

 



                         ON STATE=S PETITION FOR DISCRETIONARY REVIEW

                                     FROM
THE SECOND COURT OF APPEALS

                                                           TARRANT COUNTY



 

Meyers,
J., filed a dissenting opinion, in which Womack, J., joined.

 

                                                        DISSENTING
OPINION        

 








Did officers have a substantial basis
for concluding that a search of Appellant=s house would uncover evidence of a
crime?  Probably.  Especially since Appellant=s uncle, Cantu, told the officer who
arrested him that Appellant=s house contained at least ten kilos of cocaine.  But the officer who went to get the warrant
left this piece of information out of the affidavit.  The omission didn=t affect the State at that point
since the magistrate issued the warrant based on the limited information that
was in the affidavit.  Was that
error?  Maybe.  While it=s true that affidavits for search
warrants are Adrafted by nonlawyers in the midst
and haste of a criminal investigation,@ as the majority quotes from United
States v. Ventresca, 380 U.S. 102, 108 (1965), this does not excuse the
affiant from the requirement that the facts must show that there is probable
cause to search.  This is the point that
the court of appeals makes.  

There are other facts that the
affiant should have included in the affidavit. 
If he had included those facts, there would not be an issue, and we
would not all be wasting our time dealing with a fact-specific case that adds
nothing to our jurisprudence.  The court
of appeals wanted to send a message to the officers: get it right, don=t omit crucial facts from the
affidavit.  That message should have been
sent by the magistrate. But, obviously, the magistrate did not know that
information was omitted and did not think there was a mistake.  Despite the limited information provided in
the affidavit, the magistrate found probable cause and issued the warrant.

The court of appeals may have failed
to defer to the magistrate=s finding of probable cause and may have considered that
crucial facts were omitted from the affidavit. 
And, the court of appeals came to a different conclusion than the
majority came to.  However, there is no
indication that the court of appeals applied an improper standard in judging
the adequacy of the warrant affidavit. 
Because this is a fact-specific unpublished opinion, I disagree with the
decision to remand this case.  Instead,
we should hold that it was improvidently granted.  








Under Texas Rule of Appellate
Procedure 66.3, the reasons for granting review in a case include:  

(a) whether a court of appeals= decision conflicts with another
court of appeals' decision on the same issue;(b) whether a court of appeals has
decided an important question of state or federal law that has not been, but
should be, settled by the Court of Criminal Appeals;(c) whether a court of
appeals has decided an important question of state or federal law in a way that
conflicts with the applicable decisions of the Court of Criminal Appeals or the
Supreme Court of the United States;(d) whether a court of appeals has declared
a statute, rule, regulation, or ordinance unconstitutional, or appears to have
misconstrued a statute, rule, regulation, or ordinance;(e) whether the justices
of a court of appeals have disagreed on a material question of law necessary to
the court's decision; and(f) whether a court of appeals has so far departed
from the accepted and usual course of judicial proceedings, or so far sanctioned
such a departure by a lower court, as to call for an exercise of the Court of
Criminal Appeals= power of supervision.            

I don=t think this case falls into any of those categories.  This is a close case that reasonable people
could disagree on.  The court of appeals
disagreed with the magistrate and the trial court, and the majority disagrees
with the court of appeals.  But it is not
the job of this Court to throw in our two-cents worth about whether the facts
that were included in the warrant affidavit were sufficient to show probable
cause.  I respectfully dissent. 

Meyers, J.

Filed: May 9, 2007

Publish